UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GORDON SOLOVEY; an individual, on behalf of himself and all others similarly situated,

            Plaintiff,

vs.

VANGELDEREN SERVICES, INC., a New York for-profit corporation; and JOHN AND JANE DOES, NUMBERS 1 THROUGH 25,

            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CASE NO.:

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**DEMAND FOR JURY TRIAL**

## I. PRELIMINARY STATEMENT

1. Plaintiff, GORDON SOLOVEY, ("Plaintiff" or "SOLOVEY") on behalf of himself and all others similarly situated, and demanding a trial by jury, brings this action for the illegal practices of Defendant, VANGELDEREN SERVICES, INC., a New York for-profit corporation ("Defendant" or "VANGELDEREN"), who, inter alia, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from Plaintiff and others.

2. Plaintiff alleges that Defendant's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

3. Such collection practices include, inter alia, sending consumers written initial communications that:

    (a)    fail to clearly identify the current creditor of the alleged debt; and

    (b)    contradict, misrepresent, and/or overshadow the consumer's verification and dispute rights.

4. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses.

5. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6. To prohibit deceptive practices, the FDCPA generally outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these per se violations prohibited by that section is the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

7. Plaintiff, on behalf of himself and all others similarly situated, seeks actual damages, statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## II. PARTIES

8. SOLOVEY is a natural person.

9. At all times relevant to this complaint, SOLOVEY resides in, and is a citizen of Dobbs Ferry, Westchester County, New York.

10. At all times relevant to this complaint, VANGELDEREN is a for-profit corporation existing pursuant to the laws of the State of New York.

11. VANGELDEREN maintains its principal business address at 16 Railroad Avenue, Pearl River, Rockland County, New York.

12. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

13. Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, engaged in, acted consistent with, implemented, and oversaw policies and procedures used by the employees of VANGELDEREN that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by VANGELDEREN and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## III. JURISDICTION & VENUE

14. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

15. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because the Defendant is subject to personal jurisdiction in the State of New York at the time this action is commenced.

## IV. FACTS CONCERNING PLAINTIFF

16. Sometime prior to March 25, 2019, SOLOVEY allegedly incurred a financial obligation in the amount of $1,379.09 (the "Alleged Debt").

17. The Alleged Debt arose out of a transaction in which the money, property, insurance, or services that are the subject of the transaction are primarily for personal, family, or household purposes.

18. Sometime prior to March 25, 2019, SOLOVEY allegedly defaulted on the Alleged Debt.

19. Plaintiff is informed and believes, and on that basis alleges, that sometime prior to March 25, 2019, the current creditor of the Alleged Debt either directly or through intermediate transactions assigned, placed, or transferred the debt to VANGELDEREN for collection.

20. VANGELDEREN is engaged in the business of collecting on behalf of others, or attempting to collect on behalf of others, debts incurred, or alleged to have been incurred, for personal, family, or household purposes, using one or more instrumentalities of interstate commerce or the mails.

21. VANGELDEREN is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

22. VANGELDEREN contends that the Alleged Debt is in default.

23. The Alleged Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

24. Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

25. On or about March 25, 2019, VANGELDEREN mailed an initial collection letter, which is dated March 25, 2019, and which Plaintiff received in the ordinary course of mail. ("3/25/19 Letter").

26. A true and correct copy of the 3/25/19 Letter is attached hereto as <u>Exhibit A</u>, except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

27. The 3/25/19 Letter was mailed, or caused to be mailed, by persons employed by VANGELDEREN as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

28. The 3/25/19 Letter was mailed to SOLOVEY in connection with VANGELDEREN's collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

29. The 3/25/19 Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

30. On information and belief, the 3/25/19 Letter is a mass-produced, computer-generated, form letter that is prepared by non-attorney debt collectors employed by VENGELDEREN and mailed to consumers from whom it is attempting to collect debts.

31. The 3/25/19 Letter is the first written communication Plaintiff received from SOLOVEY.

32. The second paragraph of the 3/25/19 Letter states: "If there is *no valid reason for not paying the balance due in full*, please forward your payment, payable to 'vanGelderen Services Inc' using the enclosed self addressed envelope." (emphasis added).

33. Moreover, the 3/25/19 Letter makes a general reference to Mt. Sinai Riverside Medical Group, without conveying to Plaintiff the way in which Mt. Sinai Riverside Medical

Group is associated with the Alleged Debt, i.e., whether Mt. Sinai Riverside Medical Group is Plaintiff's current creditor, was the original creditor who has since sold the alleged Mt. Sinai Obligation to someone else, or had some other unidentified connection to the Alleged Debt. *McGinty v. Professional Claims Bureau, Inc.*, No. 2:15-cv-04346-SJF-ARL (E.D.N.Y. Oct. 17, 2016) ("[M]erely including a creditor's name in the caption of a debt collection letter is not, without more explanation, sufficient to satisfy 15 U.S.C. § 1692g(a)(2).") (quoting *Datiz v. Int'l Recovery Assocs., Inc.*, No. 15-CV-3549, 2016 WL 4148330, at *11 (E.D.N.Y. Aug. 4, 2016)).

34. Upon reading this in the 3/25/19 Letter, the least sophisticated consumer would believe that he must provide a basis in order to dispute the validity of the debt when the FDCPA does not require a consumer to communicate a reason for the dispute.

35. The failure of the 3/25/19 Letter to clearly identify the *current creditor* of the Alleged Debt also violates 15 U.S.C. § 1692g(a)(2). This language is potentially confusing because it suggests that the letter is identifying neither the original creditor nor the current creditor. *Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128, 133 (E.D.N.Y. 2007).

36. The 3/25/19 Letter is written on VANGELDEREN letterhead and signed by Edward Baker, Collections Manager.

37. On or about April 8, 2019, VANGELDEREN mailed a second collection letter, which is dated April 8, 2019, and which Plaintiff received in the ordinary course of mail. ("4/08/19 Letter").

38. A true and correct copy of the 4/08/19 Letter is attached hereto as <u>Exhibit B</u>, except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

39. The 4/08/19 Letter was mailed, or caused to be mailed, by persons employed by VANGELDEREN as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

40. The 4/08/19 Letter was mailed to SOLOVEY in connection with VANGELDEREN's collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

41. The 4/08/19 Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

42. On information and belief, the 4/08/19 Letter is a mass-produced, computer-generated, form letter that is prepared by non-attorney debt collectors employed by VENGELDEREN and mailed to consumers from whom it is attempting to collect debts.

43. The 4/08/19 Letter is the second written communication Plaintiff received from SOLOVEY, dated only fourteen (14) days after the initial communication.

44. The first paragraph of the 4/08/19 Letter states: "Despite your lack of response to our previous correspondence we are willing to give you the benefit of the doubt and extend a final opportunity to resolve this matter." The third paragraph of the 4/08/19 Letter goes on to state: "Under this circumstances [sic] an immediate reply is necessary to property resolve this matter."

45. Like the 3/25/19 Letter, the 4/08/19 Letter contains a statement on the reverse side of the letter which purports to permit Plaintiff to dispute "the debt *or any portion thereof*" within 30 days of receipt. (emphasis added).

46. The 4/08/19 Letter is inconsistent with or overshadows the 30-day dispute period as stated in the 3/25/19 Letter, as is was sent only two weeks later, alleges Plaintiff's "lack of response to our previous communication," and demands an "immediate reply" to avoid the possibility of legal action.

## V. POLICIES AND PRACTICES COMPLAINED OF

47. It is Defendant's policy and practice to mail written collection communications, in the forms attached as Exhibit A and/or Exhibit B, that violate the FDCPA by, *inter alia*:

   (a) failing to clearly identify the current creditor of the alleged debt; and

   (b) contradicting, misrepresenting, and/or overshadowing the consumer's verification and dispute rights.

48. Such policies and practices are in violation of 15 U.S.C. §§1692e, 1692g(a)(2), and 1692g(b).

49. On information and belief, VANGELDEREN mailed written communications, in substantially the same form as Exhibit A and Exhibit B, to at least 40 natural persons in the State of New York.

## VI. CLASS ALLEGATIONS

50. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

51. The First Class consists of all persons with addresses in the State of New York to whom VANGELDEREN mailed a written communication in an attempt to collect a debt, in substantially the same form attached as Exhibit A, which written communications state, "If there is no valid reason for not paying the balance due in full, please forward your payment payable to ...", during a period beginning one year prior to the filing of this action and ending 21 days thereafter.

52. The Second Class consists of all persons with addresses in the State of New York to whom VANGELDEREN mailed a series of written communications in a attempt to collect a debt, in substantially the same form attached as Exhibit A and Exhibit B, which written communications demand payment within the 30-day period within which consumers may posit a dispute, by demanding an "immediate reply," during a period beginning one year prior to the filing of this action and ending 21 days thereafter.

53. The identities of all class members are readily ascertainable from the records of VANGELDEREN, and those entities on whose behalf it attempts to collect debts.

54. Excluded from the Class are the Defendant and all of its officers, members, partners, managers, directors, and employees and each of their respective immediate families, and legal counsel for all Parties to this action and all members of their immediate families.

55. There are questions of law and fact common to the Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether Defendant's written communications, in substantially the same form as Exhibit A and/or Exhibit B violates 15 U.S.C. §§ 1692e, 1692g(a)(2), and 1692g(b).

56. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

57. The Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

58. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity**: Plaintiff is informed and believes, and on that basis alleges, that the Class, defined supra, is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. With respect to the Class, the principal issues are whether Defendant's written communications, in substantially the same form as Exhibit A and/or Exhibit B, violates 15 U.S.C. §§ 1692e, 1692g(a)(2), and 1692g(b).

(c) **Typicality**: The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Class have claims arising out of Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy**: Plaintiff will fairly and adequately protect the interests of the class members insofar as he has no interests that are averse to absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel has any interests that might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all

members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

59. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

60. Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the Class, Class Claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

## VII. FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

61. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

62. The Defendant violated the FDCPA. Defendant's violations with respect to its written communications in the form attached as Exhibit A and/or Exhibit B include, but are not limited to, the following:

(a) Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

(b) Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10), and;

(c) Informing the consumer that, unless there is a valid reason for not paying the balance due in full, the consumer must send payment, in violation of 15 U.S.C. § 1692g(b).

(d) Creating a false sense of urgency that overshadows or is inconsistent with the 30-day period within which to request verification of the debt, in violation of 15 U.S.C. § 1692g(b).

## VIII. SECOND CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

63. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

64. The Defendant violated the FDCPA. Defendant's violations with respect to its telephone call to Plaintiff which include, but are not limited to, the following:

(a) Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

(b) Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10), and;

(c) Failing to clearly identify the name of the current creditor in its initial communication with Plaintiff, in violation of 15 U.S.C. § 1692g(b).

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and in favor of the Class (defined above) as follows:

A.   **For the FIRST CAUSE OF ACTION:**

(i)   An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Class as previously set forth and defined supra;

(ii)   An award of statutory damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii)   Attorneys' fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(iv)   For such other and further relief as may be just and proper.

B.   **For the SECOND CAUSE OF ACTION:**

(i)   An award of statutory damages for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii)   Attorneys' fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(iv)   For such other and further relief as may be just and proper

## X. JURY DEMAND

65.   Plaintiff hereby demands that this case be tried before a Jury.

DATED:   Uniondale, New York
April 23, 2019

s/ Abraham Kleinman
Abraham Kleinman (AK-6300)

13

KLEINMAN LLC
626 RXR Plaza
Uniondale, NY 11556-0626
Telephone: (516) 522-2621
Facsimile:    (888) 522-1692
E-Mail: akleinman@kleinmanllc.com

*Attorney for Plaintiff, Gordon Solovey, and all others similarly situated*

14